**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOREST STEWARDSHIP COUNCIL-UNITED STATES; CONSERVATION NORTHWEST; CENTER FOR BIOLOGICAL DIVERSITY, non-profit corporations, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; RON KIRK, U.S. Trade Representative, in his official capacity; UNITED STATES DEPARTMENT OF COMMERCE; GARY LOCKE, Secretary, U.S. Department of Commerce, in his official capacity; UNITED STATES CUSTOMS AND BORDER PROTECTION; JAYSON P. AHERN, Acting Commissioner, U.S. Customs and Border Protection, in his official capacity, <br><br> Defendants - Appellees. | No. 09-35985 <br><br> D.C. No. 2:08-cv-01358-RAJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington

———————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Richard A. Jones, District Judge, Presiding

Argued and Submitted November 2, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

Appellants challenge the 2006 U.S.-Canada Softwood Lumber Agreement ("SLA") on grounds that the Office of the United States Trade Representative's ("USTR") entry into the SLA did not comport with the requirements of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Miscellaneous Receipts Act ("MRA"), 31 U.S.C. § 3302. Because we find that Appellants lack standing to bring their claims, we affirm the district court's dismissal of Appellants' complaint.

To meet their burden of establishing Article III standing, Appellants first must show that they have suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Second, Appellants must establish that the alleged injury is "fairly traceable" to defendants' conduct. *Id.* Third, Appellants must establish redressability by demonstrating "a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact." *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000).

Appellants lack standing to bring their NEPA claim because they have failed to establish redressability. Even if we were to order USTR to conduct a NEPA analysis, Appellants cannot point to any specific measures USTR can take, short of renegotiating the SLA, to mitigate any alleged environmental harm. Appellants argue that a favorable judgment will prompt USTR to "consider" environmental mitigation measures. But Appellants do not specify what "mitigation" measures USTR has the power to consider, especially since the alleged conduct harming the environment, increased logging, is occurring in Canada. Essentially, the best the Appellants hope for is that a judgment will somehow encourage USTR to renegotiate the SLA with Canada, even though the court lacks the power to direct the executive branch's conduct of foreign negotiations directly. Appellants therefore fail to show how the relief requested will make mitigation of their alleged injury likely, or even possible. Since we find that Appellants lack standing because their claim is not redressable, we do not address whether Appellants have properly established injury in fact or causation.

Appellants also lack standing to bring their claim alleging that the "meritorious initiatives" payments to designated foundations under the SLA violate the MRA. They seek a declaration that the payments to be public funds that should have been deposited into the Treasury in accordance with the MRA. Once again,

Appellants cannot establish redressability. For a violation of the type Appellants allege to be redressable, a favorable judgment must be likely to coerce USTR to act in a way that actually redresses the injury. *See Levine v. Vilsak*, 587 F.3d 986, 992 (9th Cir. 2009). Even if we were to grant the declaratory judgment Appellants seek, the funds have either already been paid to the private foundations, or remain in the hands of the Canadian government. Appellants argue that a favorable judgment will compel USTR to take actions to recover the funds from the foundations and the Canadian government, but nowhere do Appellants identify what these actions might be. Nor do Appellants identify the source of USTR's authority to sue the Canadian government or the recipients of the funds to recover the funds. Appellants suggest that the Attorney General can sue the foundations to recover the money, but the Attorney General is not party to the instant action, and in any event, any decision by the Attorney General to seek recovery is within his prosecutorial discretion. Because their failure to establish redressability deprives Appellants of standing to bring their MRA claim, we need not address Appellants' injury in fact or causation on this issue.

AFFIRMED.